UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZHOU LU, an individual ) | Case No.: 2:10-cv-00546-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| SHERYL FOSTER, and individual, ) | |
| OFFICER BLAIR, an individual, ) | |
| SHIRLEY JOSEPH, an individual, ) | |
| GRACE MORAN, an individual, ) | |
| HOWARD SKOLNIK, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Before the Court is Defendants Sheryl Foster, Shirley Joseph, Grace Moran and Howard Skolnik's Motion to Dismiss (ECF No. 5). Plaintiff Zhou Lu filed a Response on May 19, 2010 (ECF No. 6). Defendants filed a Reply on May 27, 2010 (ECF No. 7). Defendant Officer (Onika) Blair filed a Joinder to Defendants' Motion to Dismiss and Reply (ECF No. 8).

The Court has considered the pleadings and arguments offered by the parties and HEREBY ORDERS that Defendants' Motion to Dismiss (ECF No. 5) is GRANTED without prejudice and with leave to amend within fourteen (14) days.

## FACTS AND BACKGROUND

This action arises out of Defendants' allegedly discriminatory actions toward Plaintiff during his employment and in regard to his eventual termination from the Southern Nevada Women's Correctional Center. Plaintiff was employed with the Nevada Department of Corrections from January 5, 2004 to November 20, 2007.

(Complaint ¶2, pg. 1, ECF No. 1).  Plaintiff alleges that he was mistreated by a number of co-workers. (*Id.* at ¶¶11–14, pg. 2–3).  Plaintiff reported this behavior to the warden, Defendant Foster. (*Id.* at ¶3, pg. 1, ¶¶12–15, pg. 2–3).  Defendant Foster did not take any action to remedy the misconduct. (*Id.*).  An incident occurred on April 9, 2007 involving Plaintiff, Defendant Joseph and Defendant Blair.  Plaintiff believed that Defendant Joseph and Defendant Blair were there to relieve him from his shift so he left early. (*Id.* at ¶8, pg. 2).  Plaintiff was docked pay for that day. (*Id.* at ¶26, pg. 4).  It appears from the complaint that these incidents gave rise to Plaintiff's termination on November 20, 2007. (*Id.* at ¶¶2–6, pg.1–pg. 2).

Plaintiff filed suit on April 4, 2010 in Federal District Court, District of Nevada. Plaintiff alleges three claims for relief: (1) conspiracy to deprive Plaintiff of constitutional rights under First Amendment pursuant to 42 U.S.C. §1983; (2) conspiracy to deprive Plaintiff of constitutional rights under Fourteenth Amendment pursuant to 42 U.S.C. §§1983, 1985(3) and 1981; (3) conspiracy to defame Plaintiff.  Defendants filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

**A.     12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" that will "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal

is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim. *Id.*  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  The Court in *Ashcroft* further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

A plaintiff may allege a civil conspiracy under either 42 U.S.C. §1983 or 42 U.S.C. § 1985. *Dyess ex rel. Dyess v. Tehachapi Unified School Dist.*, Slip Copy, No. 1:10-CV-00166, 2010 WL 3154083 (E.D.Cal., Aug. 6, 2010); *Klingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988).  A conspiracy under 42 U.S.C. § 1983 is "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law." *Dyess ex rel. Dyess*, 2010 WL 3154083 at *7.  To successfully bring a cause of

action under § 1985(3), a plaintiff must prove three elements: "(1) the existence of a conspiracy to deprive the plaintiff of equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir.2000); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992). Furthermore, the plaintiff must identify the deprivation of a legally protected right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790(1971).

"To establish a conspiracy, a plaintiff must demonstrate the existence of an agreement or 'meeting of the minds' to violate constitutional rights." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir.1999); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2002). "The defendants must have, by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Mendocino County*, at 1301. This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *See Mendocino County*, 192 F.3d at 1301. A showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of a conspiracy. *Id.* Conclusory allegations of conspiracy, however, are not enough to support a § 1983 conspiracy claim. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989). A plaintiff must plead "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 127 S.Ct. at 1965.

In this case, Defendants argue in their Reply that Plaintiff's complaint is filled with conclusory allegations and is absent specific facts such that it fails to state a claim

///

///

upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]  Plaintiff alleges that the individual Defendants entered into a conspiracy to discriminate against him based on his race and to deter and punish him for utilizing his First Amendment rights to speak freely on matters of public concern.  Plaintiff alleges that Defendants Blair, Joseph and Moran agreed to engage in specific conduct on April 9, 2007 to punish Plaintiff for speaking to his supervisors about the allegedly discriminatory treatment he had been receiving.  Plaintiff also alleges that "Defendants Foster and Skolnick joined the conspiracy by their conduct."  Plaintiff does not allege any specific facts that demonstrate that Foster and Skolnick ever agreed to engage in any actions between themselves or in conjunction with the other defendants to deprive Plaintiff of his rights.  Thus, Plaintiff's Complaint fails to allege the required "meeting of the minds" element to prove a conspiracy as to Defendants Foster and Skolnick.

Furthermore, without any factual allegations that these two defendants (Foster & Skolnick) engaged in the conspiracy, Plaintiff's civil conspiracy claim also fails because Plaintiff needs to allege specific facts to prove both elements, i.e. (1) a conspiracy and (2) a deprivation of constitutional rights.  Defendants Blair, Joseph and Moran's independent actions alone cannot establish a deprivation of constitutional rights, because even under the facts alleged these Defendants did not prevent or impede Plaintiff's ability to speak out under the First Amendment.

Finally, Defendants Blair, Joseph and Moran could not accomplish the unlawful objective of terminating Plaintiff without the help of Defendants Foster and Skolnik.

---

[1] "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers. *United States ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D.Cal.2000).  In this case, Defendants' argument is not exactly new as it addressed Plaintiff's allegations that this is a civil conspiracy governed by a different statute of limitations. However the Court notes that it does have the ability to review the complaint for failure to state a claim under 12(b)(6) *sua sponte* as long as there is a fair procedure, which includes permitting the Plaintiff an opportunity to amend. *Lee v. City of Los Angeles,* 250 F.3d 668, 683 n. 7 (9th Cir. 2001).

Defendants Foster and Skolnick are alleged to be responsible for Plaintiff's termination, but Plaintiff has failed to adequately plead that they joined in the conspiracy.

In addition, Plaintiff's third cause of action does not survive the motion to dismiss. The general elements of a defamation claim require a plaintiff to prove: (1) a false and defamatory statement by a defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Flowers v. Carville*, 266 F.Supp.2d 1245 (D.Nev. 2003). Defendants Blair, Joseph and Moran are alleged to have agreed to punish Plaintiff by giving false statements regarding Plaintiff. Plaintiff does not indicate to whom these false statements were made and when they were made. These are crucial facts needed to satisfy the element of an unprivileged communication. Without such facts, Defendants are not put on notice as to their conduct so that they can adequately defend against the suit.

Plaintiff will be allowed to amend these claims in his complaint and to clarify: what rights were violated, how they were violated and when Plaintiff was deprived of these rights as well as the resulting injury to Plaintiff. (If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc)).

**C.   Waiver of Immunity**

Plaintiff, in his Response, moves the Court to allow Plaintiff to amend his complaint to add the State as a party to this suit. Plaintiff argues that the State has waived its Eleventh Amendment immunity to suit and consented to the jurisdiction of the federal court.

The Eleventh Amendment precludes citizens from bringing suit against their own

state in federal court. *Hans v. Louisiana*, 134 U.S. 1, 13, 10 S.Ct. 504 (1890). "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 758 (9th Cir. 1999). *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S.Ct. 3142 (1985) (waiver of sovereign immunity confined to suit in own courts unless state clearly evidences intent to allow suits in federal court). The waiver must be unambiguous, but it does not have to be express. A state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity. *Hill*, 179 F.3d at 758; *See, e.g.*, *Premo v. Martin*, 119 F.3d 764, 769-71 (9th Cir.1997) (by voluntarily agreeing to participate in arbitration proceedings, state waived immunity to a suit in federal court to enforce the arbitration award), *cert. denied*, 522 U.S. 1147, 118 S.Ct. 1163 (1998); *Dekalb County Div. of Family & Children Servs. v. Platter*, 140 F.3d 676, 680 (7th Cir.1998) (when state voluntarily enters federal forum by filing a claim, "it cannot run back to seek Eleventh Amendment protection when it does not like the result"); *Newfield House, Inc. v. Massachusetts Dept. of Public Welfare*, 651 F.2d 32, 36 n. 3 (C.A.Mass. 1981) (state waived immunity by removing case to federal court).

Plaintiff argues that since the Attorney General filed the Motion to Dismiss and asserted that the State must be added to the action that this qualifies as consent to suit in federal court. The Court does not agree. Defendants' Motion to Dismiss argued that Plaintiff's claims could not stand alone because there was no state actor. This argument does not establish a state waiver of its sovereign immunity rights. The State did not file a counterclaim or participate in litigation in any way that indicates to the Court that it should find that the State waived its rights under the Eleventh Amendment.

Defendants also argue that Plaintiff's claims should be dismissed based on various

other defenses and legal theories which need not be addressed at this time.

## CONCLUSION

As the Court finds that Plaintiff has failed to state a claim upon which relief can be granted the Court will dismiss the complaint for the above-stated reasons. However, Plaintiff will be allowed to amend his complaint to remedy the deficiencies identified above.

IT IS HEREBY ORDERED that Defendants Motion to Dismiss (ECF No. 5) is **GRANTED**.

Plaintiff's complaint is **DISMISSED without prejudice**. Plaintiff is ordered to amend his complaint within fourteen (14) days of the date of this Order.

DATED this 18th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge